1  Jeremy S. Golden (SBN 228007)
2  Golden & Cardona-Loya, LLP
3  3130 Bonita Road, Suite 200B
   Chula Vista, CA 91910
4  jeremy@goldencardona.com
   Phone: 619-476-0030; Fax: 775-898-5471
5  Attorney for Plaintiff

6

7

8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  MORT ADLER,                          )  Case No.:   **'17 CV 1043 BEN NLS**
12                                        )
13          Plaintiff,                    )  **COMPLAINT AND DEMAND FOR**
                                          )  **JURY TRIAL**
14  v.                                    )
15                                        )
16  ROBERT A. KRASNEY, Attorney at Law    )
    d/b/a EXPRESS EVICTIONS; and DOES 1   )
17  through 10, inclusive,                )
18                                        )
            Defendants.                   )
19                                        )
20                                        )

21

22                        **I.  INTRODUCTION**

23      1.      This is an action for damages brought by an individual consumer against
24  Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*
25  ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair
26  practices.
27  //
28  //

## II.  JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.      Plaintiff MORT ADLER ("Plaintiff") is a natural person residing in the State of California, County of San Diego.

4.      Defendant ROBERT A. KRASNEY d/b/a EXPRESS EVICTIONS ("Defendant") at all times relevant was a company doing business of collecting debts and contacting consumers throughout the state of California and operating from an address at 362 W. 6th St., San Bernardino, CA 92401.

5.      Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6.      The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8.      The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

COMPLAINT AND DEMAND FOR JURY TRIAL

## IV.  FACTUAL ALLEGATIONS

9.      The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

10.      In an underlying civil case a creditor obtain a judgment against Plaintiff in the amount of $9,075 ("the Debt").

11.      On or about January 14, 2009 a levy on a bank account was executed resulting in a payment of $9,174.76 towards the judgment.

12.       In 2016 Plaintiff sought to refinance his home.

13.      Plaintiff was unable to refinance his home as an abstract of judgment was recorded and not released regarding the Debt.

14.      On September 6, 2016 Defendant sent a communication to Plaintiff through their escrow officer falsely stating a balance on the Debt of $16,335 consisting of a $9,075 original judgment plus $7,260 in interest.

15.      The amount of the Debt Defendant attempted to collect was incorrect.

16.      Defendant further offered a one-time pay-off option of $16,335 to fully satisfy the Debt.

17.      Defendant further falsely claimed that the $16,335 amount was incurring interest at a rate of 10% annually.

18.      This demand caused stress for Plaintiff as it was interefering with the refinance of the property and preventing the locking-in of favorable intrest rates.

19.      Defendant's actions caused emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

20.      Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21.      Defendants violated the FDCPA.  Defendants' violations include, but are not

1  limited to, the following:

2         (a)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive,

3                or misleading representations or means in connection with the

4                collection of a debt;

5         (b)    The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false

6                impression of the character, amount or legal status of the alleged debt;

7         (c)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false

8                representation or deceptive means to collect or attempt to collect any

9                debt or to obtain information regarding a consumer;

10         (d)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or

11                unconscionable means to collect or attempt to collect a debt; and

12         (e)    The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to

13                collect an amount not authorized by the agreement that created the

14                debt or permitted by law.

15      22.    As a result of the above violations of the FDCPA, Defendants are liable to the

16  Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs

17  pursuant to 15 U.S.C. §1692k.

18

19      **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all

20  Defendants for the following:

21      (a)    Actual damages;

22      (b)    Statutory damages pursuant to 15 U.S.C. §1692k;

23      (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

24      (d)    For such other and further relief as the Court may deem just and proper.

25

26  Date: May 22, 2017              \_\_\_\_\_s/ Jeremy S. Golden_____

27                                  Jeremy S. Golden
                                Attorney for Plaintiff

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.


Date:  May 22, 2017                    _____s/ Jeremy S. Golden_____
                                             Jeremy S. Golden
                                             Attorney for Plaintiff